[Cite as *State v. Webster*, 2017-Ohio-124.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2016-CA-25 |
| | : | |
| v. | : | Trial Court Case No. 15-CR-566 |
| | : | |
| ERIC WEBSTER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of January, 2017.

. . . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

SCOTT N. BLAUVELT, Atty. Reg. No. 0068177, 315 South Monument Avenue, Hamilton, Ohio 45011
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

        {¶ 1} Eric Webster appeals his conviction and sentence to prison for six months after entering a guilty plea to a charge of carrying a concealed weapon, a felony of the

fourth degree. Finding no error we affirm.

**{¶ 2}** On November 2, 2015, Webster was indicted for improper handling of a firearm in a motor vehicle and carrying a concealed weapon, a firearm, both felonies of the fourth degree. The charges arose out of a traffic stop of a vehicle, in which Webster was the passenger, due to a strong odor of marijuana that officers smelled from 2-3 car lengths behind the vehicle which they followed for about four blocks. When the vehicle was stopped, the flashlight of the officer on Webster's side illuminated what was found to be a loaded black semi-auto handgun under the front seat at Webster's feet. At police headquarters, Webster was advised of his Miranda rights. He then admitted he had found the gun but had forgotten that it was under his seat.

**{¶ 3}** On February 22, 2016, Webster, represented by counsel, entered a guilty plea to the CCW charge in exchange for dismissal of the improper handling charge. The court referred the case for a presentence investigation. On March 14, 2016, the trial court sentenced Webster to serve six months in prison.

**{¶ 4}** Webster's counsel has filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that counsel was unable to identify any viable appealable error for review and requesting our permission to withdraw as counsel. By order filed August 23, 2016, we informed Webster that the *Anders* brief had been filed and advised him of his right to file his own brief and the time limit for doing so. Webster did not file anything, and the time for filing has expired. Webster has apparently completed his sentence and is not subject to post-release control.[1]

---

[1] This Court's review of the Ohio Department of Rehabilitation and Correction's website confirms that Webster is no longer an inmate, nor is he subject to post-release control. *See State v. Erdman*, 2d Dist. Montgomery No. 25814, 2014–Ohio–2997, ¶ 3 (taking

**Potential Issues**

{¶ 5} Counsel's *Anders* brief refers to three potential errors for our consideration, the first of which is whether the trial court complied with Crim. R. 11 to insure that the plea was knowingly, intelligently and voluntarily entered. We have carefully reviewed the plea and observe that the trial court fully complied with Crim. R. 11 and the appropriate statutes, and that the trial court also concluded that Webster's plea was "knowingly, voluntarily, [and] intelligently" made. (Transcript of Plea at 7). We agree that there was no error in the taking of the plea and that any assignment of error challenging the plea would be frivolous.

{¶ 6} Counsel also suggests as a potential issue whether the trial court properly sentenced this first-time felony offender to prison or was community control mandatory. Pursuant to R.C. 2929.13(B)(1)(b), a trial court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense "if any of the following apply: (i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control." *Id.* We have previously held carrying a concealed firearm qualifies as an offense which allows discretion to impose a prison term under R.C. 2929.13(B)(1)(b)(i). An assignment of error to the contrary would be frivolous.

{¶ 7} Finally, counsel suggests, without further argument, that there may be a potential issue whether Webster's sentence is contrary to law. But the sentence is clearly

judicial notice appellant's name is not listed on the ODRC website).

within the statutory range for a fourth degree felony and there is absolutely nothing in the record to indicate the sentence is unlawful. An argument that Webster's sentence is contrary to law is frivolous.

### *Anders* Review

**{¶ 8}** We have conducted a full examination of all the proceedings to decide whether the case is wholly frivolous, as required by *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), citing *Anders* at 744. We have thoroughly reviewed the docket, the various filings, the written transcripts of the plea hearing and the sentencing hearing, and the court's judgment and sentencing entry. We have found no non-frivolous issues for review.   Accordingly, we grant counsel's request to withdraw and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FROELICH, J., and WELBAUM, J., concur.

Copies mailed to:

Megan M. Farley
Scott N. Blauvelt
Eric Webster
Hon. Douglas M. Rastatter